## Case No. 7,108.

### The ISLAND CITY.

[5 Blatchf. 264;[1] 2 Int. Rev. Rec. 109.]

Circuit Court, S. D. New York. Sept. 29, 1865.

Mr. Burr and Robert D. Benedict, for libellant.

James M. Smith, for claimant.

NELSON, Circuit Justice. The schooner was on her passage into the Sound from the city of New York, making her way through Hell Gate. The steamer was coming down from Mamaroneck to the city. The schooner tacked across from Hallett's Cove toward the New York shore, and again came about, when abreast, or nearly so, of Astoria, and made again for the Long Island shore. She had got some slight headway on, on this tack, when the wind entirely failed her, and she was in danger of being swept by the tide on to the shore. Thereupon the master immediately took measures to bring her about, her motion in the water being sufficient to accomplish this manoeuvre; but, from the loss of the wind, she drifted along in the tide to Hallett's Point, when she was struck on her starboard quarter, abaft her

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

fore-chains, by the steamer. The steamer came down in the eddy to Hallett's Point, the usual track for small steamers, and, having seen the schooner below, endeavored to stop in the eddy, to allow her to pass, but her, the steamer's, bow having caught in the tide, she shot across the schooner's track while drifting, which occasioned the collision.

The learned counsel for the steamer, aware that it was her duty to take care and avoid the schooner, as a general rule, has endeavored to show that the schooner was in fault, and that hence the collision was unavoidable; that, in her tack to the Long Island shore, she approached too near the rocks, and that, on coming about, her stern struck them, which had the effect to carry her head by the tide towards the shore, and brought her against the steamer; and that, if she had tacked about sooner, she would have avoided the rocks, and the drift by the tide would have carried her across the bows of the steamer in safety. But, as respects this charge of fault against the schooner, it must be said, that the failure of the wind left the vessel in a helpless condition, and that everything seems to have been done which was fairly within the means of the master and hands. The real fault, upon the proofs in the case, is rather attributable to the neglect of the steamer in not taking instant measures to stop in the eddy, on first discovering the situation of the schooner, in the midst of these dangerous waters. If she had done so, the latter would have passed the point in safety. There was time enough for the steamer, after the schooner was seen, to have stopped in the eddy, and kept out of the tide till she had passed; but, as the steamer was going at the rate of some fifteen miles the hour, the delay was fatal. Before she could be stopped, she got into the tide, and intercepted the drift of the schooner.

The decree of the court below is reversed.